RECEIVED
IN ALEXANDRIA, LA
APR 30 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PERRIN TAYLOR (DOC# 339820) | DOCKET NO. 08-CV-991; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| EMMIT DUPLECHAIN & NURSE BERNICE | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT & RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on July 7, 2008 in the Middle District of Louisiana by *pro se* plaintiff Perrin Taylor. The case was transferred to the Western District of Louisiana because Plaintiff is incarcerated within this district at Avoyelles Correctional Center (ACC) in Cottonport, Louisiana. He names as Defendants "EMT Emmit Duplechain" and "Nurse Bernice." Plaintiff claims that the defendants denied him medical care, and he requests $40,000 for the negligence of the defendants.

## FACTS

Plaintiff provided little factual information in his original complaint. He alleged that he requested emergency medical treatment for chest pains and was denied medical attention by EMT Duplechain. He also alleged that, prior to that event, he had been denied medical attention by Ms. Bernice. [Doc. #1, p.4]

Plaintiff was ordered to amend his complaint to state when he asked Defendant Duplechain for medical attention, what Duplechain's

response was, and what injury Plaintiff suffered as a result of the lack of medical care. He was also instructed to state the dates on which he asked Ms. Bernice for medical care, why he was requesting medical care on each of those dates, what Bernice's response was to his requests, whether the complaints were ever treated, and what injury Plaintiff Taylor suffered as a result of the denial of medical care by Defendant Bernice. Plaintiff failed to provide the requested information.

While Plaintiff filed an amended complaint, he only stated that he sought emergency medical treatment from Duplechain in June or July due to chest pains and elevated blood pressure, and that Duplechain instructed Plaintiff to make a sick-call instead. Regarding Ms. Bernice, Plaintiff only alleged that Bernice denied him medical treatment and wrote him up several times.

## ANALYSIS

In Plaintiff's original, deficient complaint, he alleged that the defendants acted with negligence. He was advised that it is not enough to simply show negligence on the part of the defendants in providing or denying medical care. Plaintiff was informed that he had to allege **deliberate indifference to a serious medical need**. Estelle v. Gamble, 429 U.S. 97, 104 (1976).[1] Plaintiff was

---

[1] The undersigned explained what constituted a *serious medical need* (one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required). See Gobert v. Caldwell, 463 F.3d 339, 345 (5th Cir. 2006), citing Hill v. Dekalb Regional Youth

instructed to amend his complaint accordingly **if** he believed that the defendants acted with deliberate indifference as opposed to mere negligence. Plaintiff submitted an amended complaint, but he did not make a single allegation of deliberate indifference on the part of either defendant.

Plaintiff has not presented anything other than conclusory allegations. Even if Plaintiff had presented sufficient factual allegations regarding deliberate indifference, he has not alleged that he suffered any physical injury as the result of the denial of medical treatment by either defendant. Under 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The physical injury required by Section 1997e(e) "must be more than de minimis, but need not be significant." Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999) (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)). Plaintiff was given the opportunity to amend his complaint to

---

Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994)(*abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002)).
Plaintiff was also explained the test for *deliberate indifference*: "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

3

describe what, if any, injury he suffered. He has only complained of symptoms - chest pain and elevated blood pressure - rather than alleging that he suffered any injury.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

4

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE